UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.     CASE NO. 8:15-cr-436-T-23TGW

SERGIO ROBERTO BAUTISTA ABARCA

_____/

## SENTENCING MEMORANDUM

COMES NOW, defendant, SERGIO ROBERTO BAUTISTA ABARCA, through the undersigned counsel, and files this sentencing memorandum in support of his objections to the Sentencing Guidelines calculation and request for a downward variance. The defendant states as follows:

## I. INTRODUCTION

The defendant pleaded guilty to count one of the indictment on January 27, 2016. (Doc. 53) The defendant's base offense level is calculated correctly at level 36. *See* PSR ¶ 18. Combining the recommended enhancements with the defendant's proposed criminal history category of I, the Guidelines recommendation as outlined in the Pre-Sentence Report calls for a term of imprisonment of 168 to 210 months. *See* PSR ¶ 60.

## II. MINOR ROLE

The sentencing guidelines provide for a two level decrease in the base offense level for minor participants. *See USSG § 3B1.2(b).* The Probation Office incorrectly determined that no mitigating role applies to the defendant in the instant case. The facts contained within the Presentence Report support a two level minor role reduction for two reasons: 1) the defendant is less culpable than average participants; and 2) the defendant's role is limited to transporting

1

drugs.  *See USSG § 3B1.2, Comment 3(A).*  In addition, the United States Sentencing Commission's amendments to the 2015 guidelines set forth in the commentary to USSG § 3B1.2 provide a non-exhaustive list of factors the court should consider in determining whether a mitigating role reduction is appropriate and are as follows:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
> (iii) the degree to which the defendant exercised decision making authority or influenced the exercise of decision making authority;
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and
> (v) the degree to which the defendant stood to benefit from the criminal activity.

The Commission furthered suggested that a role reduction is warranted when "…a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline."  *See USSG § 3B1.2, Comment 3(C).*

Applying the guidelines and comments to the instant case warrants a two level reduction for minor role from the defendant's base offense level.  The defendant had no understanding of the scope of the criminal activity beyond his participation in transporting the drugs.  The defendant did not participate in planning or organizing any activity of the conspiracy.  The defendant possessed no decision making authority.  The degree to which the defendant stood to benefit was a paltry sum compared to the overall value of the cocaine for which he is personally accountable.  Finally, the record is clear that the defendant was paid a certain sum for his role in the offense and had no proprietary interest in the vessel's cargo.

### III.     VARIANCE

The court should grant the defendant a variance based upon the defendant's likelihood of recidivism given his age and the need to avoid unwarranted sentencing disparities.

Mr. Bautista Abarca is 55 years of age.  The Sentencing Commission has established that recidivism rates decline consistently as age increases.  The overall age group least likely to reoffend are those 50 years of age or older.  "Measuring Recidivism: The Criminal Computation of the Federal Sentencing Guidelines,"  Sentencing Commission (2004).  The statistical evidence suggests that given the fact that Mr. Bautista Abarca faces an extensive term of incarceration and the unlikely chance that he would reoffend, a variance from the recommend sentence is warranted.

The codefendant in this case, Heimar Gregorio, received a downward variance to 120 months in the Bureau of Prisons.  As the court may recall, Heimar Gregorio was the individual responsible for introducing the firearm into the conspiracy and by all accounts served as load guard.  Given these facts, Sergio Bautista Abarca should be considered less culpable than Gregorio.  Consequently, the need to avoid unwarranted sentencing disparities should, likewise, entitle Mr. Bautista Abarca to a sentence of one hundred twenty (120) months in the bureau of prisons.

WHEREFORE, the foregoing reasons, the defendant respectfully requests that he be sentenced to a term of one twenty months in the Bureau of Prisons.

### CERTIFICATE OF SERVICE

I certify that on April 8, 2016, a true and correct copy of the above and foregoing was electronically filed using the CM/ECF system which will send a notice of electronic filing to all parties of record.

                                        Respectfully submitted,

                                        */s/ Cory L. Chandler*
                                        CORY L. CHANDLER, Esquire
                                        Spector, Gadon & Rosen, L.L.P.
                                        Florida Bar No. 621552
                                        360 Central Avenue, Suite 1550
                                        St. Petersburg, Florida 33701
                                        (727) 896-4600 Telephone
                                        (727) 896-4604 Facsimile
                                        E-mail: cchandler@lawsgr.com
                                        Attorney for Defendant